**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TIARE TECHNOLOGY, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 2:22-cv-46** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **FREDDY'S, L.L.C. and FREDDY'S HOLDINGS, INC.** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendants Freddy's LLC and Freddy's Holdings, Inc. (collectively, "Defendants" or "Freddy's"), respectively file their Answer, Affirmative Defenses, and Counterclaims to the Complaint for Patent Infringement filed on February 9, 2022 ("Complaint") by Tiare Technology, Inc. ("Tiare"). Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Defendants' deny each and every allegation, matter, or thing contained in the Complaint and states in response to each of the numbered paragraphs of said Complaint as follows:

## I. INTRODUCTION

1. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 1 of the Complaint and therefore denies them.

## II. NATURE OF THE SUIT

2. Freddy's admits that the Complaint purports to assert claims of patent infringement. Freddy's denies the merits of all such allegations and specifically denies that it has committed any acts of patent infringement.

## III. THE PARTIES

3. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 3 of the Complaint and therefore denies them.

4. Freddy's, L.L.C. admits that it is a company organized and existing under the laws of Kansas with its principal place of business located at 260 North Rock Road, Wichita, Kansas. Freddy's, L.L.C. admits that for the limited purpose of this action only, it may be served through its registered agent, Randy J. Simon at 260 North Rock Road, Witchita, Kansas 67206.

5. Freddy's Holdings, L.L.C. admits that it is a company organized and existing under the laws of Kansas with its principal place of business located at 260 North Rock Road, Wichita, Kansas. Freddy's Holdings, L.L.C. admits that for the limited purpose of this action only, it may be served through its registered agent, Randy J. Simon at 260 North Rock Road, Wichita, Kansas 67206.

## IV. JURISDICTION AND VENUE

6. Freddy's admits that this action purports to be one that arises under the patent laws of the United States, Title 35 of the United States Code. The remaining allegation in paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Freddy's denies the allegations in paragraph 6.

7. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Freddy's denies the allegations in paragraph 7.

8. Denied.

9. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Freddy's denies the allegations in paragraph 9.

10. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Freddy's denies the allegations in paragraph 10.

11. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Freddy's denies the allegations in paragraph 11.

12. Denied.

13. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Freddy's denies the allegations in paragraph 13.

14. Denied.

15. The allegations of paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Freddy's denies the remaining allegations in paragraph 15.

16. Denied.

17. Denied.

18. Denied.

## V. BACKGROUND

### A. Tiare

19. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 19 of the Complaint and therefore denies them.

20. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 20 of the Complaint and therefore denies them.

### B. The Asserted Patents

21. Freddy's admits that this cause of action purports to be one for infringement of United States Patent Nos. 8,682,729 (the "'729 Patent"), 10,157,414 (the "'414 Patent"), and 11,195,224 (the "'224 Patent") (collectively, the "Asserted Patents").

22. Freddy's admits that Exhibit 1 purports to be a true and correct copy of the '729 patent, entitled "Patron Service System and Method," and listing Julie Werbitt as the named inventor.

23. Freddy's admits that the '729 patent issued on March 25, 2014. Freddy's denies the remaining allegation of paragraph 23.

24. Freddy's admits that Exhibit 2 purports to be a true and correct copy of the '414 patent, entitled "Patron Service System and Method," and listing Julie Werbitt as the named inventor.

25. Freddy's admits that the '414 patent issued on March 25, 2014. Freddy's denies the remaining allegation of paragraph 25.

26. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 26 of the Complaint and therefore denies them.

27. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 27 of the Complaint and therefore denies them.

28. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 28 of the Complaint and therefore denies them.

29. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 29 of the Complaint and therefore denies them.

30. Denied.

31. Denied.

32. Denied.

33. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 33 of the Complaint and therefore denies them.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 38 of the Complaint and therefore denies them.

39. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 39 of the Complaint and therefore denies them.

40. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 40 of the Complaint and therefore denies them.

41. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 41 of the Complaint and therefore denies them.

42. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 42 of the Complaint and therefore denies them.

43. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 43 of the Complaint and therefore denies them.

44. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 44 of the Complaint and therefore denies them.

45. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 45 of the Complaint and therefore denies them.

46. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 46 of the Complaint and therefore denies them.

47. Denied.

**C. Freddy's Infringement**

48. Freddy's admits it has a mobile app, otherwise denied.

49. Denied.

50. Denied.

52. Denied.

53. Denied.

## VI. CLAIMS

**A. Infringement of the '729 Patent**

54. Freddy's incorporates its responses to paragraphs 1-53 by reference as if fully set forth herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 73 of the Complaint and therefore denies them.

**B. Infringement of the '414 Patent**

74. Freddy's incorporates its responses to paragraphs 1-73 by reference as if fully set forth herein.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 84 of the Complaint and therefore denies them.

85. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 85 of the Complaint and therefore denies them.

86. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 86 of the Complaint and therefore denies them.

87. Denied.

88. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 88 of the Complaint and therefore denies them.

89. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 89 of the Complaint and therefore denies them.

90. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 90 of the Complaint and therefore denies them.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

**C. Infringement of the '224 Patent**

95. Freddy's incorporates its responses to paragraphs 1-94 by reference as if fully set forth herein.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Freddy's lacks sufficient knowledge and information to admit or deny the allegations in paragraph 112 of the Complaint and therefore denies them.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

## VII. DAMAGES

117. Freddy's incorporates its responses to paragraphs 1-116 by reference as if fully set forth herein.

118. Denied.

119. Denied.

120. Denied.

## VIII. PRAYER FOR RELIEF

Freddy's denies the allegations contained in Tiare's Prayer for Relief, and Freddy's further denies that Plaintiff is entitled to any relief whatsoever, including any of the relief sought in paragraphs a-f of their Prayer for Relief. Plaintiff's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Plaintiffs should take nothing.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied.

f. Denied.

## IX. JURY DEMAND

Freddy's admits that the Complaint sets forth a demand for a jury trial.

## GENERAL DENIAL

To the extent that any allegations of the Complaint are not specifically admitted, Freddy's hereby denies them.

## FREDDY'S DEFENSES

Without admitting or acknowledging that Freddy's bears the burden of proof as to any of them and reserving the right to amend its answer as additional information become available, Freddy's pleads the following defenses:

### FIRST DEFENSE
**(Non-infringement)**

Freddy's does not infringe and has not infringed any valid and enforceable claims of the '729 Patent, either directly, indirectly, under the doctrine of equivalents, or in any other manner.

Freddy's does not infringe and has not infringed any valid and enforceable claims of the '414 Patent, either directly, indirectly, under the doctrine of equivalents, or in any other manner.

Freddy's does not infringe and has not infringed any valid and enforceable claims of the '224 Patent, either directly, indirectly, under the doctrine of equivalents, or in any other manner.

## SECOND DEFENSE
## (Invalidity)

The '729 patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including at least sections 101, 102, 103, and 112.

The '414 patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including at least sections 101, 102, 103, and 112.

The '224 patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including at least sections 101, 102, 103, and 112.

## THIRD DEFENSE
## (Prosecution History Estoppel)

By virtue of statements made, amendments made, or positions taken during the prosecution of the Patent-in-Suit, Tiare is estopped from construing any claims of the Patents-in-Suit to cover or include, either literally or under the doctrine of equivalents, any Freddy's product, system, or process.

## FOURTH DEFENSE
## (Equitable Doctrines)

Tiare is barred or limited from recovery in whole or in part by the doctrines of estoppel, waiver, acquiescence, patent misuse, and/or unclean hands.

## FIFTH DEFENSE
## (Statutory Limit on Damages)

Tiare's claim for damages and/or costs is statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288. Without limitation, any claim for damages by Tiare is limited by 35 U.S.C. § 287 to only those damages occurring after proper and sufficient notice of infringement of the Patents-in-Suit. To the extent Tiare establishes any infringements of the Patents-in-suit, it is limited to any established infringement occurring no more than six years before the filing of this lawsuit, pursuant to 35 U.S.C. § 286. Additionally, Freddy's alleges upon information and belief that any claim for pre-lawsuit damages is barred, in whole or in part, for failure to comply with the patent marking and notice requirements of 35 U.S.C. § 287.

**SIXTH DEFENSE**
**(No Enhanced or Increased Damages)**

Tiare is not entitled to enhanced or increased damages under because Freddy's has not engaged in any conduct that meets the applicable standard under 35 U.S.C. §§ 284; or 285. Additionally, Tiare fails to state a claim for willful infringement.

**SEVENTH DEFENSE**
**(License; Exhaustion)**

Tiare's claims for relief are barred or limited to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Freddy's or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses, or a covenant not to sue, to one or more of the Asserted Patents, and/or under the doctrines of exhaustion, first sale, or full compensation.

**EIGHTH DEFENSE**
**(No Attorneys' Fees or Costs)**

Tiare is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

**NINTH DEFENSE**
**(Marking)**

On information and belief, Tiare is barred in whole or in part from recovering damages by a failure by the owner and/or licensee of the Asserted Patents to mark relevant products as required by 35 U.S.C. § 287.

**TENTH DEFENSE**
**(Lack of Standing)**

To the extent that Tiare was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, Tiare lacks standing to bring one or more claims in this lawsuit.

**ELEVENTH DEFENSE**
**(Failure to State a Claim)**

Tiare has failed to plead it claims with sufficient specificity or factual support to place Freddy's on notice of the claims Tiare is asserting against it, such that Tiare has failed to state a claim upon which relief can be granted.

**TWELFTH DEFENSE**
**(Absence of Damages)**

Tiare has not suffered and will not suffer any injury or damages as a result of Freddy's alleged conduct.

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

Freddy's hereby reserves all affirmative defenses under Federal Rule of Civil Procedure 8, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in the case.

**COUNTERCLAIMS FOR DECLARATORY JUDGEMENT**

1. Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to Freddy's right to plead additional

counterclaims as additional information becomes available, Counterclaim-Plaintiff Freddy's alleges as follows against Counterclaim-Defendant Tiare.

**BACKGROUND**

2. According to the allegations set forth in its Complaint, Tiare claims to be the assignee and owner of the Patents-in-Suit. See Dkt. No. 1 at ¶¶26, 27, 28.

3. Tiare has accused Freddy's of infringing the Patents-in-Suit. Freddy's denies than any of its products infringe any valid or enforceable claim in any of the Patents-in-Suit.

4. An actual case and controversy exists between Freddy's and Tiare concerning the alleged infringement of one or more valid claims of the Patents-in-Suit, and that controversy is ripe for adjudication by this Court.

**THE PARTIES**

5. Freddy's, L.L.C. is a company organized and existing under the laws of Kansas with its principal place of business located at 260 North Rock Road, Wichita, Kansas.

6. Freddy's Holdings, L.L.C. is a company organized and existing under the laws of Kansas with its principal place of business located at 260 North Rock Road, Wichita, Kansas.

7. Plaintiff Tiare Technology, Inc. is a Delaware corporation that maintains a corporate address at PO Box 8312, Blackwood NJ 08012.

**JURISDICTION AND VENUE**

8. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgement Act, 28 U.S.C. §§ 2201, and 2202. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over Tiare, at least because by initiating this lawsuit, Tiare has submitted to the jurisdiction of this District.

10. Venue for these Counterclaims is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM
## (Declaratory Judgement of Non-infringement of the ’729 Patent)

11. Freddy’s incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

12. An actual controversy exists between Freddy’s and Tiare as to whether Freddy’s infringes the ’729 patent, as Tiare contends, or does not do so, as Freddy’s contends.

13. Freddy’s has been damaged by Tiare’s filing of a lawsuit against Freddy’s based on a patent that Freddy’s does not infringe.

14. By this Counterclaim, Freddy’s seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the ’729 patent either directly, indirectly, under the doctrine of equivalents, willfully, or in any other manner, and is entitled to a declaration to that effect.

15. A judicial declaration is necessary and appropriate at this time such that Freddy’s may ascertain its rights and duties with respect to the ’729 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

16. This is an exceptional case entitling Freddy’s to an award of its attorneys’ fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SECOND COUNTERCLAIM
## (Declaratory Judgement of Non-infringement of the ’414 Patent)

17. Freddy’s incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

18. An actual controversy exists between Freddy's and Tiare as to whether Freddy's infringes the '414 patent, as Tiare contends, or does not do so, as Freddy's contends.

19. Freddy's has been damaged by Tiare's filing of a lawsuit against Freddy's based on a patent that Freddy's does not infringe.

20. By this Counterclaim, Freddy's seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '414 patent either directly, indirectly, under the doctrine of equivalents, willfully, or in any other manner, and is entitled to a declaration to that effect.

21. A judicial declaration is necessary and appropriate at this time such that Freddy's may ascertain its rights and duties with respect to the '414 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

22. This is an exceptional case entitling Freddy's to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## THIRD COUNTERCLAIM
## (Declaratory Judgement of Non-infringement of the '224 Patent)

23. Freddy's incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

24. An actual controversy exists between Freddy's and Tiare as to whether Freddy's infringes the '224 patent, as Tiare contends, or does not do so, as Freddy's contends.

25. Freddy's has been damaged by Tiare's filing of a lawsuit against Freddy's based on a patent that Freddy's does not infringe.

26. By this Counterclaim, Freddy's seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '224 patent either directly, indirectly,

under the doctrine of equivalents, willfully, or in any other manner, and is entitled to a declaration to that effect.

27. A judicial declaration is necessary and appropriate at this time such that Freddy's may ascertain its rights and duties with respect to the '224 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

28. This is an exceptional case entitling Freddy's to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgement of Invalidity of the '729 Patent)**

29. Freddy's incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

30. An actual controversy exists between Freddy's and Tiare as to whether the '729 patent is valid, as Tiare contends, or is invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 135, 251, 256, and/or 282, as Freddy's contends.

31. By this Counterclaim, Freddy's seeks a declaration that the claims of the '729 patent are invalid. A judicial determination is necessary and appropriate at this time such that Freddy's may ascertain its rights and duties with respect to the '729 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

32. This is an exceptional case entitling Freddy's to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**FIFTH COUNTERCLAIM**
**(Declaratory Judgement of Invalidity of the '414 Patent)**

33. Freddy's incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

34. An actual controversy exists between Freddy's and Tiare as to whether the '414 patent is valid, as Tiare contends, or is invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 135, 251, 256, and/or 282, as Freddy's contends.

35. By this Counterclaim, Freddy's seeks a declaration that the claims of the '414 patent are invalid. A judicial determination is necessary and appropriate at this time such that Freddy's may ascertain its rights and duties with respect to the '414 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

36. This is an exceptional case entitling Freddy's to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**SIXTH COUNTERCLAIM**
**(Declaratory Judgement of Invalidity of the '224 Patent)**

37. Freddy's incorporates by reference the admissions, denials, and allegations set forth in the preceding paragraphs of this Answer as if fully set forth herein.

38. An actual controversy exists between Freddy's and Tiare as to whether the '224 patent is valid, as Tiare contends, or is invalid for failure to comply with the requirements of patentability of the Patent Laws of the United States, Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 119, 135, 251, 256, and/or 282, as Freddy's contends.

39. By this Counterclaim, Freddy's seeks a declaration that the claims of the '224 patent are invalid. A judicial determination is necessary and appropriate at this time such that Freddy's may ascertain its rights and duties with respect to the '224 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its products.

40. This is an exceptional case entitling Freddy's to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**FREDDY'S DEMAND FOR JURY TRIAL**

41. Freddy's hereby demands a jury trial on all issues so triable.

**FREDDY'S PRAYER FOR RELIEF**

Having answered Tiare's Complaint and having asserted Affirmative Defenses and Counterclaims, Freddy's respectfully seeks the following relief:

a. A judgment that Freddy's has not infringed the '729, '414, and '224 patents;

b. A judgment that the '729, '414, and '224 patents are invalid and/or unenforceable against Freddy's.

c. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Freddy's its attorneys' fees and prejudgment interest, and an award to Freddy's of all its costs of this action; and

d. Such other relief as the Court shall deem just and proper.

Dated: May 6, 2022

Respectfully submitted,

*/s/ Jason Mueller*

Jason Mueller
Texas State Bar No. 24047571
jmueller@sheppardmullin.com

SHEPPARD MULLIN RICHTER &
HAMPTON LLP
2200 Ross Avenue, Suite 2000
Dallas, Texas 75201
(469) 369-7402

***Counsel for Defendants Freddy's, L.L.C. and Freddy's Holdings, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2022, a true and correct copy of the foregoing document was filed via ECF and served on all counsel of record registered to receive service through such means.

Dated: May 6, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Jason Mueller
JASON MUELLER

Attorney for FREDDY'S, L.L.C. and FREDDY'S HOLDINGS, INC.